## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**KALORAMA CITIZENS ASSOCIATION**,
P.O. Box 21311
Washington, DC 20009

*and*

**ADAMS MORGAN FOR REASONABLE
DEVELOPMENT**,
2032 Belmont Road NW
Suite 312
Washington, DC 20009

                    Plaintiffs,

            *v.*

**SUNTRUST BANK COMPANY**,
303 Peachtree St., NE
Atlanta, GA 20208

                    Defendant.

Civil Action No. _____

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
      THE DISTRICT OF COLUMBIA

      Defendant SunTrust Bank Company ("SunTrust" or "Defendant"),[1] by counsel, respect-

fully notifies the Court pursuant to 28 U.S.C. §§ 1332 and 1441 that it has this day removed this

action from the Superior Court for the District of Columbia, Civil Division ("Superior Court").

Removal is based on grounds that diversity jurisdiction exists over this action, as there is complete

---

[1] Plaintiffs' Complaint identifies Defendant SunTrust Bank Company d/b/a SunTrust Bank a/k/a SunTrust Banks, Inc. SunTrust Bank is a wholly-owned subsidiary of SunTrust Bank Holding Company, which is a wholly owned subsidiary of Defendant SunTrust Banks, Inc.

diversity between Kalorama Citizens Association ("KCA") and Adams Morgan for Reasonable Development ("AMRD") (collectively, "Plaintiffs") and SunTrust, and the amount in controversy exceeds $75,000.00.

## BACKGROUND

1.     This action was commenced by the filing of a Complaint for Declaratory and Injunctive Relief ("Complaint") by Plaintiffs in the Superior Court for the District of Columbia ("Superior Court") on June 15, 2017. The litigation pertains to real property owned by SunTrust located at 1800 Columbia Road NW, Washington, DC, which is improved by a SunTrust bank branch (the "Branch Property").  The Branch Property includes a large open plaza in front of the SunTrust branch. A copy of the Complaint is attached as **Exhibit A**.

2.     In addition to SunTrust, the Complaint named four other entities as defendants: Potomac Investment Properties, Inc.; 1800 Columbia Potomac Investment Properties, LLC; 1800 Columbia Road, LLC; and P.N. Hoffman & Associates, Inc. (collectively, "Developer Defendants" and, with SunTrust, "Original State Court Defendants").

3.     Complete diversity amongst Plaintiffs and Original State Court Defendants (collectively, "Parties") did not exist at the time of filing of the Complaint due to Plaintiffs' improper inclusion of the Developer Defendants in the Complaint.  *See, e.g.*, *Smith v. Hendricks*, 140 F. Supp. 3d 66, 72 (D.D.C. 2015) ("'The fraudulent joinder doctrine allows the Court to 'disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'") (citations omitted).

4.     The Complaint alleged that SunTrust is Georgia corporation and the Developer Defendants are citizens of the District of Columbia. (Compl. ¶¶ 8, 11-14).  Plaintiffs alleged that

the Developer Defendants held "directly or indirectly, an actual or contingent interest in the Plaza (and the larger parcel containing the Plaza) . . ." (*Id.* ¶¶ 11-14).

5.      On March 5, 2018, however, the Superior Court granted the motion for summary judgment filed by the Developer Defendants and entered judgment in their favor. In the Court's Order granting summary judgment, attached hereto as **Exhibit B**, the Superior Court held that the "Developer Defendants do not have a proprietary interest in the property at issue.  They are subject to an executory contract with SunTrust Bank for the development of the property until this case is resolved."  The Court further entered Judgment in favor of the Developer Defendants, dismissing them from the case. A copy of the Judgment is attached as **Exhibit C**.

6.      Thus, on March 5, 2018, this action became immediately removable pursuant to 28 U.S.C. § 1441, because, upon that date, it could have been filed in this Court pursuant to the diversity jurisdiction conferred by 28 U.S.C. § 1332.

## DIVERSITY JURISDICTION

7.      Federal diversity jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1332, because the Parties, as of March 5, 2018, are diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.      There Is Complete Diversity Among All Parties**

8.      As of March 5, 2018, complete diversity of citizenship among the Parties has existed.

9.      The so-called "time-of-filing" rule states that, once a complaint is filed, a subsequent change in the law or the citizenship of the parties can neither cure nor destroy diversity. *See, e.g.*, *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570–71 (2004); *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 164 (2d Cir. 2001); *Louisville, N.A. & C.R. Co. v. Louisville Trust Co.*, 174 U.S. 552 (1899).

10.    Post-filing dismissal of one or more parties, however, triggers an exception to this broad principle. *E.g.*, *Grupo*, 541 U.S. at 572; *see also Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 152-53 (3d Cir. 2009) ("[T]he time-of-filing rule admits exceptions in cases where the parties change in contrast to cases in which the circumstances attendant to those parties change.").

11.    In such cases, the existence of diversity is determined by looking solely at the citizenship of the remaining parties. *See, e.g.*, *Jefferson v. Certain Underwriters at Lloyd's London*, 658 F. App'x 738, 743 (5th Cir. 2016) ("Dismissals of non-diverse parties allow for the exercise of diversity jurisdiction."); *Cont'l Data Sys., Inc. v. Exxon Corp.*, 638 F. Supp. 432, 441 (E.D. Pa. 1986) ("[N]othing prevents a plaintiff from dismissing claims against non-diverse defendants, to create diversity jurisdiction."). For purposes of this analysis, however, the date of the original filing still controls. *See Grupo*, 541 U.S. at 572.

12.    Accordingly, because the Superior Court has entered Judgment in favor of the Developer Defendants, finding that the Developer Defendants are not proper parties and no possibility that Plaintiffs could establish a cause of action against them, and dismissing the Developer Defendants from the case, diversity for purposes of § 1332(a)(1) must be determined by ascertaining the citizenship of SunTrust, KCA, and AMRD on June 15, 2017. *See Walter E. Campbell Co. v. Hartford Fin. Servs. Group*, 48 F. Supp. 3d 53 (D.D.C. 2014).

13.    KCA was and remains a tax-exempt organization, as defined by Section 501(c)(3) of the United States Internal Revenue Code, that registered under the laws of the District of Columbia on October 29, 1965, and has apparently operated almost exclusively within the District of Columbia since that date. *See* **Exhibit D**; Compl. ¶ 2. It represents itself as the "chief advocate for historic preservation" of Adams Morgan, a specific District of Columbia neighborhood.

KALORAMA CITIZENS ASSOCIATION, http://kaloramacitizensassociation.org/. The District of Columbia is thus KCA's principal place of business and its jurisdiction of incorporation. In other words, KCA is a citizen of the District of Columbia.

14.     From this suit's commencement, AMRD has purported to be a non-profit citizens association organized pursuant to the District of Columbia's Uniform Unincorporated Non-Profit Association Act of 2010. *See* Compl. ¶ 4; AMRD describes itself as "a local community group" focused entirely on the same D.C. neighborhood as KCA. THE ACTION NETWORK, https://actionnetwork.org/petitions/save-our-plaza-mayor-bowser. On information and belief, its individual members, including its leaders, are citizens of the District of Columbia. *Cf. State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("[A] person's place of residence is prima facie evidence of his or her citizenship.").

15.     SunTrust was and remains a Georgia corporation with a principal place of business at 303 Peachtree Street, Atlanta, Georgia 30308. Accordingly, SunTrust is not a citizen of the District of Columbia for purposes of determining diversity jurisdiction.

16.     Because Plaintiffs are citizens of District of Columbia and SunTrust is not, there is complete diversity between Plaintiffs and Defendant in this matter. *See* 28 U.S.C. § 1332(a)(1).

**B.     The Amount in Controversy Exceeds $75,000.00**

17.     The Complaint meets the $75,000.00 amount-in-controversy requirement for diversity jurisdiction.

18.     Under § 1332, federal district courts possess "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs[.]" 28 U.S.C. § 1332.

19.     Generally, the amount in controversy in declaratory relief or injunction cases is measured by the value of the object of the litigation. *Hunt v. Wash. State. Apple Adver. Commc'ns*,

432 U.S. 333, 347 (1977) (collecting cases); *Klayman v. Judicial Watch, Inc.*, 185 F. Supp. 3d 67, 70 (D.D.C. 2016). "In assessing whether a complaint satisfies th[is] standard, a court may look either to 'the value of the right that plaintiff seeks to enforce or to protect' or to the cost to the defendants to remedy the alleged denial." *Smith v. Washington*, 593 F.2d 1097, 1099 (D.C. Cir. 1978).

20. Only if it is "legally certain" that the recovery (from a plaintiff's perspective) or the cost of complying with the judgment (from a defendant's) will be less than the jurisdictional floor should a federal court refuse to exercise jurisdiction. *E.g.*, *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

21. In their Complaint, Plaintiffs seek a declaratory judgment and injunction against SunTrust's sale of the Branch Property.

22. In 2018, as determined by DC's Office of Tax and Revenue, the property's total worth was pegged at $5,420,620, and the land itself was valued at $3,721,180. A copy of the Property Detail from the Office of Tax and Revenue is attached hereto as **Exhibit E**.

23. Plaintiffs' lawsuit thus seeks to prevent SunTrust from disposing of a property worth in excess of $5,000,000 and thereby implicates a property right whose value far exceeds the constitutional minimum of $75,000. *See, e.g.*, *Glenwood Light & Water Co v. Mutual Light, Heat & Power Co.*, 239 U.S. 121, 126 (1915) ("[The c]omplainant sets up a right to maintain and operate its plant and conduct its business free from wrongful interference by defendant. . . . The relief sought is the protection of that right, now and in the future, and the value of that protection is determinative of the jurisdiction."); *Concepcion-Navedo v. Putnam LAC Holding, LLC*, 212 F. Supp. 3d 297, 298 (D.P.R. 2015) (holding that calculations of the amount in controversy must take into account the cost to defendants in complying with the proposed injunctive relief). Even if

Plaintiffs' claim that they are only seeking to encumber 25% of the Branch Property is to believed, 25% of its value exceeds $75,000.  (*See* Pls.' Opp. to Defs. Bond Mot. at 5).  As such, if Plaintiffs prevail, SunTrust's loss will far outpace § 1332's $75,000 threshold.

24.    Therefore, diversity jurisdiction exists because the parties are diverse and the amount in controversy exceeds $75,000.00.

## VENUE

25.    Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Superior Court, the forum in which the removed action was pending.

## NOTICE

26.    Concurrently with the filing of this Notice, Defendants will file a copy of this Notice of Removal with the Clerk of the Superior Court.  A copy of the Notice of Filing Notice of Removal (without its exhibits) is attached hereto as **Exhibit F**.

27.    Upon information and belief, **Exhibit G** represents all of the process, pleadings, and orders served on SunTrust in this action.

28.    If any questions arise as to the propriety of the removal of this action, SunTrust requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, Defendant SunTrust Bank Company hereby removes this action to this Court and seeks all other relief this Court deems equitable and just.

Dated:  March 7, 2018                Respectfully submitted,

**SUNTRUST BANK COMPANY**

By:/s/ Mary C. Zinsner
Mary C. Zinsner, Esq., DC Bar No. 430091
S. Mohsin Reza, Esq., DC Bar No. 985270
Troutman Sanders LLP
1850 Towers Crescent Plaza, Ste. 500
Tysons Corner, VA 22182
Tel: (703) 734-4363
Fax:  (703) 448-6514
Email: mary.zinsner@troutman.com
Email: mohsin.reza@troutman.com

*Counsel for Defendant SunTrust Bank Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of March, 2018, I served a copy of the foregoing by hand delivery to the counsel listed below:

Paul Zukerberg, Esq.
Zukerberg & Halperin
1790 Lanier Place, NW
Washington, DC 20009
Phone:  202-232-6400
email:  paul@zukerberg.com

By:/s/ Mary C. Zinsner
Mary C. Zinsner, Esq., DC Bar No. 430091
S. Mohsin Reza, Esq., DC Bar No. 985270
Troutman Sanders LLP
1850 Towers Crescent Plaza, Ste. 500
Tysons Corner, VA 22182
Tel: (703) 734-4363
Fax:  (703) 448-6514
Email: mary.zinsner@troutman.com
Email: mohsin.reza@troutman.com

*Counsel for Defendant SunTrust Bank Company*